Even if this negative testimony be sufficient to establish her failure to plead, it does not establish that there was no waiver, and, according to the Civil Code [1895], § 5079 [1910, § 5663], while one can not give jurisdiction, it may be waived so far as the parties themselves are concerned."

It follows from what we have said above that the court did not err in dismissing the affidavit of illegality.

     *Judgment affirmed. All the Justices concur.*

---

### BARNWELL *v.* VALDOSTA STREET RAILWAY COMPANY.

BECK, J. The court's instructions to the jury upon the controlling issues in this case are substantially correct, and the inaccuracies in other portions of the charge are not of a sufficiently grave character to work a reversal of the judgment denying a new trial, under the evidence in the case.    *Judgment affirmed. All the Justices concur.*
       JUNE 17, 1915.

Action for damages. Before Judge Thomas. Lowndes superior court. February 14, 1914.

*Dan R. Bruce,* for plaintiff. *E. K. Wilcox,* for defendant.

---

### MORRIS *v.* MOORE.

HILL, J. This case is controlled by the decision in the case of *Toole* v. *Wiregrass Development Co.*, 142 *Ga.* 57 (82 S. E. 514).
      *Judgment reversed. All the Justices concur.*
       JUNE 17, 1915.

Complaint. Before Judge Ellis. Fulton superior court. April 10, 1914.

Miss Willie A. Morris brought suit against G. R. Moore, a real-estate agent, on an alleged contract by the terms of which he agreed to pay her fifty per cent. of the commission that was paid to him on sale of real estate, where the plaintiff helped in making such sale. In the instant case it was alleged and proved that the plaintiff was instrumental in bringing about the sale of the property the commissions on which are in controversy. The defendant answered, and averred, among other things, that the plaintiff had not paid to the ordinary of Fulton county a license-tax as required of a real-

estate agent in Fulton county, and therefore was not entitled, under the law, to commissions on real-estate sales effected by such agent. At the conclusion of the testimony for the plaintiff, which was in support of her petition, the court granted a nonsuit on the ground that the plaintiff had failed to register with the ordinary of Fulton county as a real-estate agent and to pay the tax required of such agents.  To this judgment the plaintiff excepted.

*Etheridge & Etheridge,* for plaintiff.

## LANE *v.* IVEY.

HILL, J.  This case is controlled by the decision in the case of *Toole* v. *Wiregrass Development Co.,* 142 *Ga.* 57 (82 S. E. 514).

*Judgment reversed.  All the Justices concur.*

JUNE 17, 1915.

Complaint.  Before Judge Pendleton.  Fulton superior court. June 12, 1914.

*Walter A. Sims,* for plaintiff.

## CLARK *v.* LUNSFORD.

1. A petition declared against A, B, and C, individually on a note having the following suffix to their signatures:  "Trustees of B. S. & D. of Hebrews # 52," and judgment by default was rendered against the defendants as individuals.  *Held,* that the judgment is not void because not authorized by the pleadings.
2. A default judgment in the superior court, rendered by the court on a promissory note for principal, interest, and attorney's fees (stating these amounts separately), will not be treated as an absolute nullity. The judgment will be held good as to the principal and interest, and void as to the attorney's fees.

JUNE 17, 1915.

Affidavit of illegality of execution.  Before Judge Reid.  Newton superior court.  July 29, 1914.

*Rogers & Knox,* for plaintiff in error.  *C. C. King,* contra.

EVANS, P. J.  Evans Lunsford brought suit against William Clark, Jerry Wingfield, and B. G. Gaither, to recover a balance alleged to be due on a note signed by these defendants, who affixed to their names the words, "Trustees of B. S. & D. of Hebrews

33